UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERON FRANKLIN,<br>Petitioner,<br>v.<br>MS. BREITENBACH,<br>Respondent. | Case No. 3:26-cv-00595-MMD-CLB<br>ORDER |

*Pro se* Petitioner Teron Franklin has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1 (“Petition”)), a motion for leave to proceed *in forma pauperis* (ECF No. 1 (“IFP Motion”)), and a motion for appointment of counsel (ECF No. 1-2 (“Motion for Counsel”)). Based on Franklin’s Financial Certificate (ECF No. 4), the Court finds that good cause exists to grant the IFP Motion. However, following an initial review of the Petition under the Rules Governing Section 2254 Cases (“Habeas Rules”), the Court defers ruling on the Motion for Counsel and instructs Franklin to show cause why the Petition should not be dismissed with prejudice as second or successive.

## I. BACKGROUND[1]

Franklin challenges a conviction and sentence imposed by the Second Judicial District Court for Clark County (“state court”). *State of Nevada v. Teron Dealotate Franklin*, CR11-1756. On March 19, 2012, the state court entered a judgment of conviction, following a jury trial, convicting Franklin of battery causing substantial bodily harm. The state court adjudicated Franklin as a habitual offender and sentenced him to

[1]The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, accessible at https://perma.cc/Y5GT-CXTV and https://perma.cc/8Z7K-G6GZ.

life in prison without the possibility of parole. Franklin appealed, and the Nevada Supreme Court affirmed.

On January 14, 2015, Franklin filed a state petition for post-conviction relief. The state court denied Franklin's petition, Franklin appealed, and the Nevada Court of Appeals affirmed on February 14, 2018.

Franklin filed a federal habeas petition in this Court on April 9, 2018, in case number 3:18-cv-00150-MMD-CLB. The Court conducted a merits review of the petition and denied it on December 2, 2021. Judgment was entered. Franklin appealed, and the Ninth Circuit Court of Appeals denied Franklin a Certificate of Appealability on June 27, 2022.

## II. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citation modified). The Antiterrorism and Effective Death Penalty Act of 1996 provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B). However, importantly, before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an Order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3). The district court does not have jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889 F.3d at 667. "[I]n cases involving doubt about whether a petition will be deemed second or successive," the Ninth Circuit has instructed "petitioners to seek authorization in [its] court first, rather than filing directly in the district court." *Goodrum v. Busby*, 824 F.3d 1188, 1195 (9th Cir. 2016) (citation omitted).

Because (1) Franklin's Petition challenges the same judgment of conviction that was challenged in case number 3:18-cv-00150-MMD-CLB, and (2) the petition filed in case number 3:18-cv-00150-MMD-CLB was decided on the merits, Franklin's Petition appears to be second or successive. Franklin indicates that he has not been given permission from the Ninth Circuit Court of Appeals to file his instant Petition. (ECF No. 1-1 at 2.) As such, Franklin must show cause why this action should not be dismissed.

Notably, the Court has discretionary authority to transfer Franklin's Petition to the Ninth Circuit Court of Appeals for consideration as an Application for Leave to File a Second-or-Successive Petition. *See* 28 U.S.C. § 1631 (stating that whenever a court identifies a lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . . ."); 9th Cir. R. 22-3 ("If an unauthorized second or successive section 2254 petition . . . is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals."). If Franklin desires that the Court exercise this discretionary authority, he may state so in his response to this Order.

## III. CONCLUSION

It is therefore ordered that Franklin's IFP Motion (ECF No. 1) is granted.

It is further ordered that Franklin show cause on or before September 11, 2026, why his Petition should not be dismissed as second or successive.

DATED THIS 10th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE